Higgins, Appellant, *v.* Edward G. Budd Mfg. Co.

Argued September 28, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Alexander F. Barbieri,* for appellant.

*Herbert G. Marvin,* with him *Ralph N. Kellam,* for appellee.

Opinion by Rhodes, J., October 27, 1937:

The claimant in this workmen's compensation case filed a claim for compensation for injury to his eyes resulting from an accident on December 23, 1935, while he was working on a welding machine in the course of his employment with defendant. After hearing, the referee awarded compensation for total disability for an indefinite period. Defendant and its insurance carrier appealed to the workmen's compensation board, which affirmed the referee as to claimant's accidental injury on December 23, 1935, but reversed the referee as to his finding of total disability for an indefinite period, and remanded the record to the referee to determine when claimant's disability ceased.

After the rehearing the referee found that disability ceased May 21, 1936, and made an award accordingly. Claimant appealed to the board which affirmed the referee's findings and conclusions; he thereupon appealed to the court of common pleas which affirmed the board. His appeal from the action of the court below is now before us, and the only question presented is whether there is any legally competent testimony to support the finding that the disability of the appellant had ceased on May 21, 1936. At the first hearing, on June 11, 1936, appellant and two doctors were the only witnesses. At the rehearing, on November 16, 1936, the only witness was the appellant.

Defendant took no appeal from the board's affirmance of the referee's finding that appellant suffered a compensable accidental injury to his right eye on December

23, 1935, while in the employ of the defendant. Therefore, whether appellant suffered such accidental injury is not involved in this appeal. The finding that appellant was totally disabled from December 23, 1935, to May 21, 1936, is likewise conclusive, and the subsequent finding of the referee that the disability of the appellant ceased on May 21, 1936, affirmed by the board and the court below, cannot be disturbed if there is competent evidence to sustain it. It is our unanimous opinion that the record does not contain any evidence which would support such finding; consequently the order of the court below must be reversed. It appears, as appellant himself testified, that on or about the 21st of May, 1936, with the approval of one of defendant's doctors, he tried to get back to work with the defendant. He was then examined by another company doctor, and was found physically perfect except his eyes which were still bad. He was advised that he could not perform the work which he had been doing, but if anything else turned up defendant would call him. He was never requested to return, and he has not worked since the accident. The testimony is undisputed that appellant on May 21, 1936, was unable to perform his usual duties, and that his eyes still required continual treatment, although they had improved. The testimony indicates that appellant was still disabled to some extent on that date, and for some time thereafter. The finding that his disability ceased on May 21, 1936, is without evidential support.

The order of the court below is reversed, and the record is remanded to the court below that it may be returned to the compensation authorities for further hearing and determination.